**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| WILLIAM D. WALLACE, Individually and On Behalf of All Others Similarly Situated, | X : | |
| | : | |
| Plaintiff, | : : | |
| | : | Civil Action No. 11-CV-8861 |
| v. | : : | |
| INTRALINKS HOLDINGS, INC., ANDREW DAMICO and ANTHONY PLESNER, | : : | |
| | : | |
| Defendants. | X | |
| MICHAEL THALER, Individually and On Behalf of All Others Similarly Situated, | X : | |
| | : | |
| Plaintiff, | : : | |
| | : | Civil Action No. 11-CV-9528 |
| v. | : : | |
| INTRALINKS HOLDINGS, INC., ANDREW DAMICO and ANTHONY PLESNER, | : : | |
| | : | |
| Defendants. | X | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF, APPOINTMENT OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION………………………………………………………………1

II.    BACKGROUND…………………………………………………………..2

III.    ARGUMENT……………………………………………………………4

    A.    Movant Satisfies the Procedural Requirements for Appointment as Lead Plaintiff……………………………………………………4

    B.    Movant Satisfies the Legal Prerequisites For Appointment as Lead Plaintiff……………………………………………………5

        i.    Movant is Presumptively the Most Adequate Plaintiff…..5

        ii.    Movant Satisfies the Requirements of Rule 23…………..7

        iii.    The Court Should Appoint Cohen Milstein as Lead Counsel…………………………………………………...9

        iv.    The Related Actions Should Be Consolidated Pursuant to Rule 42(a)…………………………………..10

IV.    CONCLUSION………………………………………………………………11

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Chisholm v. TranSouth Fin. Corp.*,
184 F.R.D. 556 (E.D. Va. 1999) .............................................................................8

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) ...............................................................................8

*In re Gentiva Sec. Litig.*,
No. 10-cv-5064, 2012 U.S. Dist. LEXIS 9177(E.D.N.Y. Jan. 26, 2012) ............7, 8

*Hargett v. Valley Fed. Sav. Bank*,
60 F.3d 754 (11th Cir. 1995) .................................................................................10

*Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*,
208 F.R.D. 59 (S.D.N.Y. 2002) .............................................................................10

*Malasky v. IAC/Interactivecorp*,
No. 04-cv-7447, 2004 WL 2980085 (S.D.N.Y. Dec. 21, 2004) ...............................9

*N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*,
No. 08-cv-5653, 2011 U.S. Dist. LEXIS 92597 (S.D.N.Y. Aug. 16, 2011)...........10

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) .........................................................................7

*Primavera Familienstiftung v. Askin*,
173 F.R.D. 115 (S.D.N.Y. 1997) ...........................................................................10

*In re Symbol Techs. Sec. Litig.*,
No. 05-cv-3923, 2006 U.S. Dist. LEXIS 24776 (E.D.N.Y. Apr. 26, 2006) .............7

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ....................................................................7, 8, 10

STATUTES

15 U.S.C. § 78u-4(a)(1) .......................................................................................4, 5

15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(i) ...................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .............................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................2, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)............................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .........................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(v) ......................................................................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a) .....................................................................................................7

Fed. R. Civ. P. 23(a)(3).................................................................................................7

Fed. R. Civ. P. 23(a)(4).................................................................................................8

Fed. R. Civ. P. 24(a) ...................................................................................................10

H.R. Conf. Rep. No. 104-369 (1995), reprinted in 1995 U.S.C.C.A.N. 679.................9

## I. INTRODUCTION

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for the reasons set forth below, Plumbers and Pipefitters National Pension Fund (the "Plumbers National Pension Fund" or "Movant") respectfully moves this Court for an Order appointing Movant as Lead Plaintiff on behalf of itself and all others similarly situated who purchased common stock of IntraLinks Holdings, Inc. ("IntraLinks" or the "Company") between February 17, 2011 and November 10, 2011, inclusive (the "Class Period").[1] The Plumbers National Pension Fund also seeks appointment of the law firm of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel, and consolidation of all related actions.

The above-captioned related actions (the "Related Actions") have been filed against IntraLinks, Andrew Damico, its President and Chief Executive Officer ("CEO") during the Class Period, and Anthony Plesner, IntraLinks' Chief Financial Officer ("CFO") during the Class Period, for violations of the federal securities laws. It is predicated on Defendants' misrepresentations regarding the Company, its business operations and its financial condition.

The Plumbers National Pension Fund suffered losses of approximately $4,250,862.00 during the Class Period as a result of Defendants' misleading conduct. Movant is unaware at this time of any other movant with a greater loss. Thus, under

---

[1] The complaints filed in both of the Related Actions name the same defendants, IntraLink Holdings, Inc., Andrew Damico and Anthony Plesner and assert an identical proposed Class Period of February 17, 2011 through Nov. 10, 2011. The Related Actions also bring the same claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b) and 78t(a) and SEC Rule 10b-5 promulgated thereunder.

Section 21D of the Exchange Act, Movant is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because it has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The Plumbers National Pension Fund is represented in this action by Cohen Milstein and by O'Donoghue & O'Donoghue LLP. Cohen Milstein is seeking appointment as Lead Counsel and is eminently qualified to prosecute securities class actions such as this one.

## II. BACKGROUND

The Related Actions allege that IntraLinks and its CEO and CFO violated the Exchange Act by failing to disclose that (1) the Company had misrepresented its financial condition throughout the Class Period; (2) the Company had misrepresented the nature and performance of its Enterprise business segment; and (3) as such, the Company's financial results were overstated. At the start of the Class Period, on February 17, 2011, IntraLinks issued a press release announcing its financial results for its fourth quarter of 2010 and the full year of 2010, touting the Company's "strong finish" and its "strong position" as it entered 2011. As part of that press release, the Company provided several guidance points including estimates of $52 to $54 million in revenue for the first quarter of 2011. During a conference call, discussing the year end performance and the 2011 projections, Defendants made numerous positive statements about IntraLinks and its business.

On March 25, 2011, IntraLinks issued a press release stating that it had filed a registration statement with the SEC for a secondary offering of 9 million shares of IntraLinks common stock with an underwriters' option to purchase up to 1,350,000 additional shares to cover over-allotments (the "Secondary Offering"). On April 7, 2011,

the prospectus (the "Prospectus") with respect to the Secondary Offering became effective and more than 7.5 million shares of IntraLinks common stock were sold to the public at $25.50 per share, thereby raising more than $191 million. The Registration Statement failed to disclose the adverse facts detailed herein.

On August 10, 2011, IntraLinks issued a press release announcing its second quarter 2011 financial results.  Although the Company's revenues were in line with its guidance, the Company reduced its outlook for the third quarter of 2011.  At the same time, during the Company's conference call regarding its earnings announcements, the Company disclosed that they had received a subpoena from the SEC seeking documents from January 1, 2011 to the present.  During the conference call, Defendants discussed the reduced guidance for the third quarter of 2011, but represented the Company would meet the yearly revenue and earnings projections.  As a result of these disclosures, IntraLinks stock price dropped 45%.

Similarly, on May 11, 2011, in announcing IntraLinks' financial results for the first quarter of 2011, the Company updated its business outlook reducing the Company's Full Year 2011 income projection to $17 to $19 million from $21 to $23 million.  At the same time, during a conference call, Defendants revealed that a large Enterprise customer was dramatically reducing its use of IntraLinks' products going forward and that the Company was reducing its earnings expectations as a result.  Again, because of these disclosures, the price of IntraLinks stock dropped an additional 32.5%.  However, at the same time, Defendants made several representations to shareholders that the Company's financial outlook was still positive and on track to meet or beat the expectations set in the February 17, 2011 disclosures.

Through the fall of 2011, Defendants continued to conceal the true operating condition of IntraLinks' business. The full truth of IntraLinks' condition was not disclosed until November 8, 2011 when the Company issued a press release announcing its financial results for the third quarter of 2011, and reported total revenue of just $54.8 million as well as continued problems in its Enterprise business segment. As a result of these disclosures, IntraLinks stock dropped by another 45%.

### III. ARGUMENT

As discussed below, the Plumbers National Pension Fund satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff. Additionally, Movant seeks appointment of Cohen Milstein as Lead Counsel for the Class.

### A.      Movant Satisfies the Procedural Requirements for Appointment as Lead Plaintiff

Section 21D of the Securities Act, 15 U.S.C. § 78u-4, establishes a procedure for the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice here was published on December 5, 2011. *See* Rehns Decl., Ex. A.

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead

plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiff must be filed, expires on February 3, 2012. Movant has moved within the statutory 60-day time period. The motion contains the required certifications setting forth, *inter alia*, Movant's transactions in IntraLinks common stock securities during the Class Period, and indicates that Movant has reviewed a complaint filed in the case and is willing to serve as a representative party on behalf of the Class. *See* Rehns Decl., Ex. B. In addition, Movant has selected and retained competent and experienced counsel, as set forth in counsel's resume. *See* Cohen Milstein resume at Rehns Decl., Ex. D.  As demonstrated in its resume, Cohen Milstein has developed an excellent reputation for successfully prosecuting federal securities law claims.

**B.   The Plumbers National Pension Fund Satisfies the Legal Prerequisites For Appointment as Lead Plaintiff**

**i.  The Plumbers National Pension Fund is Presumptively the Most Adequate Plaintiff**

The PSLRA sets forth procedures for the appointment of a lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). The PSLRA provides that this Court:

> shall appoint as lead plaintiff the member *or members* of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added). In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the person who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Fed. R. Civ. P. 23 and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Plumbers National Pension Fund is qualified for appointment as lead plaintiff. During the Class Period, Movant suffered losses of approximately $4,250,862.00 from its purchases of IntraLinks common stock. *See* Rehns Decl., Ex. C. The Plumbers National Pension Fund suffered these losses when, through a series of partial disclosures, most notably on November 8, 2011 when the Company reported the financial results for the third quarter of 2011 and Defendants disclosed the true nature of the Company's financial condition, the Plumbers National Pension Fund's IntraLinks common stock holdings collapsed in value. Movant believes it has the largest financial interest in the relief sought by the Class.

Further, the Plumbers National Pension Fund is willing to actively participate in the leadership of this litigation. Movant is a sophisticated institutional investor responsible for overseeing billions of dollars in investments and a large financial interest in this litigation and who stands ready to protect the interests of the class. Finally, the Plumbers National Pension Fund understands its obligations as a fiduciary of the Class. *Id.* ¶ 7.

Because Movant possesses a significant interest in the outcome of this litigation, it is presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Further, the Plumbers National Pension Fund is both qualified to represent the class and willing to serve as a representative party. The Plumbers National Pension Fund has selected counsel that is highly experienced in prosecuting securities class actions such as this one. Accordingly, Movant satisfies the requirements for appointment as Lead Plaintiff under the PSLRA and the instant motion should be granted.

### ii.  Movant Satisfies the Requirements of Rule 23

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Gentiva Sec. Litig.*, No, 10-cv-5064, 2012 U.S. Dist. LEXIS 9177, at *7 (E.D.N.Y. Jan. 26, 2012); Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *Id.*, at *10; *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Weltz v. Lee*, 199 F.R.D 129, 133 (S.D.N.Y. 2001)). The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "claim will meet the typicality requirement if 'each class member's claim arises from the same course of conduct, and each class member makes

similar legal arguments to prove the defendants' liability.'" *Olsten,* 3 F. Supp. 2d at 296 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)); *see also In re Symbol Techs. Sec. Litig.*, No. 05-cv-3923, 2006 U.S. Dist. LEXIS 24776 (E.D.N.Y. Apr. 26, 2006). The typicality standard is met even where minor distinctions exist. *Id.* As one court has noted: "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete identity between the claims constituting each individual action is not required." *Chisholm v. TranSouth Fin. Corp.,* 184 F.R.D. 556, 563-64 (E.D. Va. 1999) (internal citation omitted). The typicality requirement is plainly satisfied in the instant case, where the Plumbers National Pension Fund seeks the same relief and advances the same legal theories as class members.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members [d]o not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz*, 199 F.R.D. at 133 (citing *Olsten*, 3 F. Supp. 2d at 296).

The Plumbers National Pension Fund is an adequate representative for the class. Movant purchased IntraLinks common stock during the Class Period and, like other putative class members, suffered a loss when the true nature of IntraLinks' financial condition was finally disclosed and the price of the stock declined.

Moreover, the PSLRA's preference for institutional investors to be appointed lead plaintiff favors the appointment of the Plumbers National Pension Fund.  As a multi-employer pension fund, the Plumbers National Pension Fund is the type of sophisticated institutional investor that the PSLRA favors.[2] *See Gentiva*, 2012 U.S. Dist. LEXIS 9177 at * 11-12; *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99-100 (S.D.N.Y. 2005) ("The legislative history of the PSLRA reflects a preference for institutional investors in the lead plaintiff role.") (citing *In re Goodyear Tire & Rubber Co. Sec. Litig.,* No. 03-cv-2166, 2004 U.S. Dist. LEXIS 27043, at *18 (N.D. Ohio May 12, 2004); *Malasky v. IAC/Interactivecorp,* No. 04-cv-7447, 2004 WL 2980085, at *4 (S.D.N.Y. Dec. 21, 2004) (discussing the PSLRA's preference for institutional investors)); see also H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Finally, the Plumbers National Pension Fund has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### iii.   The Court Should Appoint Cohen Milstein as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary to "protect the

---

[2] The named plaintiffs of the Related Actions are both individuals with substantially smaller losses than the Plumbers National Pension Fund.

interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected Cohen Milstein to serve as Lead Counsel, and appointing Cohen Milstein as Lead Counsel would be prudent to protect the interests of the class.

As detailed in its firm resume,[3] Cohen Milstein has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. Thus, the Court may be confident that the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc*., No. 08-cv-5653, 2011 U.S. Dist. LEXIS 92597, at *15 (S.D.N.Y. Aug. 16, 2011) ("Cohen Milstein has prior experience with complex securities class actions and is qualified to represent the proposed class.").

### iv.   The Related Actions Should Be Consolidated Pursuant to Rule 42(a)

Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz*, 199 F. R.D. at 131. Indeed, "in securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced." *Weltz*, 199 F.R.D. at 131 (internal quotations and citation omitted).

The Related Actions present identical factual and legal issues and allege identical violations of the federal securities laws. They involve substantially the same parties and arise from the same underlying facts and circumstances. "The proper solution to problems created by the existence of two or more cases involving the same parties and

---

[3] *See* Rehns Decl., Ex. C.

issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) (quoting *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1995)); *see also Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Because these actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others. Consolidation of the Related Actions is thus appropriate as common questions of law and fact predominate in these actions. Fed. R. Civ. P. 42(a). Thus, consolidation is appropriate here.

Accordingly, the motion to consolidate the Related Actions should be granted.

## IV. CONCLUSION

Based on the foregoing, the Plumbers National Pension Fund respectfully requests that the Court: (i) appoint it as Lead Plaintiff; (ii) appoint Cohen Milstein as Lead Counsel; (iii) consolidate all Related Actions; and (iv) grant such other relief as the Court may deem to be just and proper.

Dated: February 3, 2012                      Respectfully submitted,

                                              COHEN MILSTEIN SELLERS
                                              & TOLL PLLC

                                              /s/ Kenneth M. Rehns
                                              Kenneth M. Rehns (KR-9822)
                                              88 Pine Street, 14th Floor
                                              New York, New York 10005
                                              Telephone: (212) 838-7797
                                              Facsimile: (212) 838-7745

                                              - and -

Carol V. Gilden
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile:  (312) 357-0369

-and-

Steven J. Toll
Daniel S. Sommers
1100 New York Ave NW
Suite 500 West
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
-and-

O'DONOGHUE & O'DONOGHUE
LLP
James R. O'Connell
Mark W. Kunst
4748 Wisconsin Avenue, N.W.
Washington, D.C.  20016
Telephone:  (202) 362-0041
Facsimile:  (202) 362-2640

**_Attorneys for the Plumbers and Pipefitters National Pension Fund_**

## <u>CERTIFICATE OF SERVICE</u>

I, Kenneth M. Rehns, hereby certify that, on February 3, 2012, I caused the foregoing document to be served on counsel of record by electronic mail.

<u>/s/  Kenneth M. Rehns</u>
                Kenneth M. Rehns