UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
WILLIAM D. WALLACE, Individually and :
on Behalf of All Others Similarly :
Situated, :
: 11 Civ. 8861 (TPG)
:
Plaintiff, : **OPINION**
:
– against – :
:
INTRALINKS HOLDINGS, INC., et al., :
:
Defendants. :
------------------------------------------------x
:
MICHAEL THALER, Individually and On :
Behalf of All Others Similarly Situated, :
:
: 11 Civ. 9528 (TPG)
Plaintiff, :
:
– against – :
:
INTRALINKS HOLDINGS, INC., et al., :
:
Defendants. :
------------------------------------------------x

These actions have been filed by investors in IntraLinks Holdings, Inc., alleging misrepresentations by IntraLinks and two of its officers regarding IntraLinks, its business operations, and its financial condition, in violation of the federal securities laws. Before the court is an unopposed motion to consolidate these actions and motions by four investors, each seeking appointment as Lead Plaintiff.

The court grants the motion to consolidate the two actions. The court appoints Plumbers and Pipefitters National Pension Fund as the Lead Plaintiff and approves its selection of Cohen Milstein as counsel.

**BACKGROUND**

The complaints in these two related actions allege a number of false or misleading statements that induced investors to invest in IntraLinks during the early months of 2011. In short, the complaints allege that in February and March 2011, IntraLinks made a number of positive statements about its past earnings and future earnings potential. In April 2011, IntraLinks offered investors a "Secondary Offering" of stock, pursuant to a publicly filed prospectus, which raised more than $191 million. However, the company's stock dropped by 45% in August 2011, when IntraLinks reduced its outlook for the third quarter of 2011 and disclosed that it had been the subject of a subpoena from the SEC. On November 8, 2011, when IntraLinks disclosed its financial results for the third quarter of 2011, its stock dropped by another 45%.

These two putative securities class actions are currently pending before this court, along with a related derivative suit. See In re Intralinks Holdings, Inc. Derivative Litig., No. 11 Civ. 9636 (TPG) (S.D.N.Y.). The parties have moved to consolidate these two securities class actions. There has been no application to consolidate the derivative suit with these securities actions.

Four different investors have filed competing motions to be appointed Lead Plaintiff.  These investors are Aabed Abdullah Alsaadoun, Michael Thaler, Oklahoma Firefighters Pension and Retirement System, and Plumbers and Pipefitters National Pension Fund ("Plumbers & Pipefitters").  Each plaintiff has filed a certification in support of their motion to be appointed lead plaintiff.  These establish that Plumbers & Pipefitters has lost a total of $4,250,862.00 from its investment in IntraLinks.  Oklahoma Firefighters has lost a total of $159,044.80.  Alsaadoun has lost a total of $148,356.81.  Thaler has lost a total of $42,176.71.

## DISCUSSION

<u>Consolidation</u>

The Court has broad discretion to consolidate cases, <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1284-85 (2d Cir. 1990), and such consolidation is particularly appropriate in securities class actions.  <u>See Mitchell v. Complete Mgmt., Inc. Sec. Litig.</u>, No. 99 Civ. 1454 (DAB), 1999 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sept. 17, 1999).  "In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation."  <u>Johnson</u>, 899 F.2d at 1285.

Here, consolidation is appropriate.  Both complaints in this action allege substantially the same false or misleading statements, and the two cases present common questions of law and fact.  No party opposes consolidation.

Therefore the court grants the motion to consolidate the two cases. The <u>Thaler</u> case is consolidated into the lower-numbered <u>Wallace</u> case. All future filings in these cases are to be filed in the docket for case number 11 Civ. 8861. The <u>Thaler</u> case should be closed.

<u>Lead Counsel</u>

The Private Securities Litigation Reform Act ("PSLRA") establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B). Under the PSLRA, there is a presumption that the "most adequate plaintiff" is the one who "(aa) has either filed the complaint or made a motion in response to a notice; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Plumbers & Pipefitters has requested that it be appointed lead plaintiff, and it meets the requirements to invoke the presumption that it is the most adequate plaintiff under the PSLRA. It has an interest in this matter that is exponentially larger than any other plaintiff who has come forward and requested to be appointed lead plaintiff. Indeed, its losses exceed the combined losses of the other plaintiffs. There is no indication that Plumbers & Pipefitters does not satisfy the requirements

of Rule 23.  At this stage of the litigation, it appears that Plumbers & Pipefitters is attempting to prosecute claims that are typical of the class and, with its high financial interest and experienced class counsel (which will be discussed further below), Plumbers & Pipefitters has made a sufficient showing of adequacy under Rule 23.  No party has set forth any evidence or arguments that would justify rebutting the presumption that Plumbers & Pipefitters is the most appropriate lead plaintiff.

Plumbers & Pipefitters has selected Cohen Milstein as its counsel.  Cohen Milstein is highly experienced in complex securities class actions such as this one, and as such it is an appropriate law firm to prosecute this class action.  See, e.g., N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc., No. 08 Civ. 5653, 2011 U.S. Dist. LEXIS 92597, at *15 (S.D.N.Y. Aug. 16, 2011).

Any consolidated amended class action complaint must be filed within 30 days of this opinion.

## CONCLUSION

For the foregoing reasons, the motions to consolidate are granted.  Plumbers & Pipefitters is appointed Lead Plaintiff, and the court approves its selection of counsel.

SO ORDERED.

Dated: New York, New York
       April 3, 2012

/s/ Thomas P. Griesa

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/12

- 6 -