UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM D. WALLACE, Individually and On Behalf
of All Others Similarly Situated,

        Plaintiff,

        v.

INTRALINKS HOLDINGS, INC., ET AL.,

        Defendants.

: X
:
:
:
:
:
:
:
:
:
:
: X

Civil Action No. 11-CV-8861 (TPG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/15

### ~~[PROPOSED]~~ ORDER PRELIMINARILY APPROVING THE SETTLEMENT, APPROVING NOTICE TO THE CLASS AND SCHEDULING OF FINAL APPROVAL HEARING

WHEREAS, Lead Plaintiff Plumbers and Pipefitters National Pension Fund ("Lead Plaintiff") on behalf of itself and each of the Class Members, has applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the settlement contained in the Stipulation and Agreement of Settlement dated July 30, 2015 (the "Settlement") and for dismissal of the Action with prejudice upon the terms and conditions set forth in the Settlement;

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Settlement, including the exhibits attached to the Settlement, and found good cause for entering the following Preliminary Approval Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     This Preliminary Approval Order hereby incorporates by reference the definitions in the Settlement, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Settlement. As in the Settlement, all time periods set forth in the

Preliminary Approval Order will be computed in calendar days and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

2.      The Court preliminarily approves the Settlement, including all provisions therein and exhibits attached thereto, as fair, reasonable and adequate to the Class, pending the Final Approval Hearing.

3.      The Class, as previously certified, is defined as all persons and entities who purchased or acquired IntraLinks common stock during the period February 17, 2011 and November 11, 2011, inclusive, including a subclass of those persons or entities who purchased IntraLinks common stock pursuant or traceable to the Company's registration statement and prospectus issued in connection with the April 6, 2011 Secondary Offering and who were damaged thereby.   Excluded from the Class are Defendants; members of the immediate family of any Defendant; any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period; the officers and directors of any Defendant during the Class Period; and legal representatives, agents, executors, heirs, successors, or assigns of any such excluded person or entity.   Any person or entities that timely and validly requests exclusion from the Class pursuant to and in accordance with the terms of the Preliminary Approval Order is also excluded from the Class.

4.      Lead Plaintiff, as previously appointed, shall continue to serve as representative of the Class and Cohen Milstein Sellers & Toll PLLC, as previously appointed, shall continue to serve as Lead Counsel for the Class.

5.      The Court approves the form of Notice of Pendency of Class Action, Preliminary Approval Order and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") (annexed hereto as Exhibit A-1); the

Summary Notice of the Pendency of Class Action and Proposed Settlement, Preliminary Approval

Order, Final Approval Hearing, and Motion for an Award of Attorneys' Fees and Reimbursement

of Litigation Expenses ("Summary Notice") (annexed hereto as Exhibit A-3) (Exhibits A-1 and A-

3 are together referred to as the "Notices"); and the Proof of Claim Form (annexed hereto as

Exhibit A-2), and finds that the procedures established for publication, mailing and distribution of

the Notices substantially in the manner and form set forth in Paragraph 6 of this Preliminary

Approval Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section

27(a)(7) of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities

Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77aa-(a)(7), the Constitution of the

United States, and any other applicable law, and constitute the best notice practicable under the

circumstances and shall constitute sufficient notice to all persons or entities entitled thereto.

6.      The Court approves the appointment of Kurtzman Carson Consultants, LLC as the

Claims Administrator to supervise and administer the notice procedure, as well as the processing of

claims as more fully set forth below:

a.      No later than twenty-one (21) days after entry of the Preliminary Approval

Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and

Proof of Claim Form, annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed

by first-class mail, postage prepaid, to those members of the Class who may be identified

through reasonable effort;

b.      The Summary Notice annexed hereto as Exhibit A-3 shall be published

once in *Investor Business Daily* and on *PR Newswire* no later than the Notice Date; and

3

        c.     The Notice, the Summary Notice and the Proof of Claim Form shall also be placed on a website dedicated to administration of this Settlement on or before the Notice Date.

       7.     Nominees who purchased or acquired IntraLinks common stock for beneficial owners who are Class Members are directed to: (a) request within fourteen (14) days of receipt of the Notice additional copies of the Notice and the Proof of Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) days after receipt of the Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within fourteen (14) days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses *actually* incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund.

       8.     No later than twenty-eight (28) days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person

4

or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Preliminary Approval Order.

## HEARING: RIGHT TO BE HEARD

9.     The Court will hold a Final Approval Hearing under Rule 23(e) of the Federal Rules of Civil Procedure, on _Nov. 12_, 2015, at _2:00 P_.M.,[1] in the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 26B, New York, New York, for the following purposes: (i) to determine whether the Settlement should be finally approved as fair, reasonable, adequate and in the best interests of the Class; (ii) to determine whether the Judgment, in the form attached as Exhibit B to the Settlement, should be entered dismissing and releasing the Released Claims (as that term is defined in the Settlement) with prejudice; (iii) to rule upon the Plan of Allocation; (iv) to rule upon Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

10.     Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later than twenty-eight (28) days prior to the Final Approval Hearing.  If an objection is filed pursuant to paragraph 11 below, any reply papers shall be filed no later than seven (7) days before the Final Approval Hearing.

11.     Any member of the Class may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, adequate

---

[1] The parties have respectfully requested that the Court schedule the Final Approval Hearing no earlier than 100 days after entry of this Preliminary Approval Notice, so that, among other things, they may comply with the provisions set forth in the Class Action Fairness Act, 28 U.S.C. § 1715(b).

and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, unless that Class Member (i) has served written objections, by hand or first-class mail, including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt no later than fourteen (14) days prior to the Final Approval Hearing:

**Lead Counsel for the Class**

***Cohen Milstein Sellers & Toll PLLC***
Carol V. Gilden, Esq.
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Tel.: (312) 357-0370
Fax: (312) 357-0369
cgilden@cohenmilstein.com

Steven J. Toll, Esq.
Joshua S. Devore, Esq.
E. Aniskevich, Esq.
1100 New York Avenue, N.W.
Suite 500 West
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
jdevore@cohenmilstein.com
eaniskevich@cohenmilstein.com

**Counsel for the IntraLinks Defendants**

*Goodwin Procter LLP*
Mark Holland, Esq.
Mary K. Dulka, Esq.
Valerie A. Haggans, Esq.
Charles A. Brown, Esq.
Erin V. Klewin, Esq.
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333
mholland@goodwinprocter.com
mdulka@goodwinprocter.com
vhaggans@goodwinprocter.com
cbrown@goodwinprocter.com
eklewin@goodwinprocter.com


**Counsel for the Underwriter Defendants**

*Weil Gotshal & Manges LLP*
Jonathan D. Polkes, Esq.
Joshua S. Amsel, Esq.
Eric C. Hawkins, Esq.
767 Fifth Avenue, 25th Floor
New York, NY 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007
jonathan.polkes@weil.com
joshua.amsel@weil.com
eric.hawkins@weil.com

**Counsel for the Director Defendants**

*Skadden, Arps, Slate, Meagher & Flom LLP*
Jay B. Kasner, Esq.
James R. Carroll, Esq.
David S. Clancy, Esq.
Christopher G. Clark, Esq.
Four Times Square
New York, New York 10036
Tel.: (212) 735-3000
        —or—
500 Boylston Street

Boston, MA 02116
Tel.: (617) 573-4800
jay.kasner@skadden.com
james.carroll@skadden.com
david.clancy@skadden.com
christopher.clark@skadden.com

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court

for the Southern District of New York no later than fourteen (14) days prior to the Final Approval

Hearing. Any objection must include: (a) the full name, address, and phone number of the

objecting Class Member; (b) a list and documentation of all of the Class Member's transactions

involving the securities included in the Class definition, including brokerage confirmation receipts

or other competent documentary evidence of such transactions, including the amount and date of

each purchase or sale and the price paid and/or received (including all income received thereon);

(c) a written statement of all grounds for the objection accompanied by any legal support for the

objection; (d) copies of any papers, briefs or other documents upon which the objection is based;

(e) a list of all persons who will be called to testify in support of the objection; (f) a statement of

whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in

which the objector or the objector's counsel have appeared either as settlement objectors or as

counsel for objectors in the preceding five years; and (h) the objector's signature, even if

represented by counsel. If the objector intends to appear at the Final Approval Hearing through

counsel, the objection must also state the identity of all attorneys who will appear on his, her or its

behalf at the Final Approval Hearing. Any Class Member who does not make his, her or its

objection in the manner provided for herein shall be deemed to have waived such objection and

shall forever be foreclosed from making any objection to the fairness or adequacy of the

Settlement, to the Judgment, to the Plan of Allocation or to the application by Lead Counsel for an

award of attorneys' fees and reimbursement of Litigation Expenses. The Notice shall also state the

manner in which a notice of objection should be prepared, filed and delivered. By objecting to the Settlement, the Judgment, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Released Claims provided for in the Settlement and the Judgment).

12.    Any Class Member may hire their own attorney to represent them in making written objections or in appearing at the Final Approval Hearing. If any Class Member chooses to hire an attorney at their own expense, that attorney must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received fourteen (14) days prior to the Final Approval Hearing.

13.    All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class. If the Settlement is approved, all Class Members will be bound by the Settlement, and by any judgment or determination of the Court affecting Class Members, regardless of whether or not a Class Member submits a Proof of Claim Form.

14.    Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

15.    The Court reserves the right to (a) adjourn or continue the Final Approval Hearing, without further notice to Class Members and (b) approve the Settlement with modification and

without further notice to Class Members. Lead Counsel shall cause any new date for the Final Approval Hearing to be posted on the website dedicated to the Settlement. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement; to allow, disallow or adjust on equitable grounds the claims of any member of the Class; and as otherwise warranted.

## CLAIMS PROCESS

16.     In order to be entitled to participate in the Settlement, a Class Member must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. To be valid and accepted, Proof of Claim Forms submitted in connection with this Settlement must be postmarked no later than one hundred twenty (120) days from the date of this Order.

17.     Any Class Member who does not timely submit a valid Proof of Claim Form shall not be eligible to share in the Settlement Fund, but nonetheless shall be barred and enjoined from asserting any Released Claim and shall be bound by any judgment or determination of the Court affecting the Class Members.

## REQUEST FOR EXCLUSION FROM THE CLASS

18.     Any requests for exclusion must be postmarked no later than twenty-eight (28) days prior to the Final Approval Hearing. Any Class Member who wishes to be excluded from the Class must provide (i) name, (ii) address, (iii) telephone number, (iv) number of shares of IntraLinks common stock purchased (or otherwise acquired) or sold, (v) prices or other consideration paid or received for such shares(s), (vi) the date of each purchase or sale transaction, and (vii) a statement that the Class Member wishes to be excluded from the Class. The request for exclusion must also be signed by the person or entity requesting exclusion. All Class Members who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall

10

have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or Judgment.

19.     Any member of the Class who does not request exclusion from the Class in the manner stated in this Preliminary Approval Order shall be deemed to have waived his, her or its right to be excluded from the Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including, but not limited to the release of the Released Claims provided for in the Settlement and the Judgment, if the Court approves the Settlement.

20.     The Released Parties and Related Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses which, to the extent approved by the Court, shall be paid from the Settlement Fund.  The Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement.  At or after the Final Approval Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Counsel.  Any appeal from any orders relating solely to the Plan of Allocation or solely to Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (or both), or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Settlement.

21.     Only Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Settlement.

22.     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Settlement and/or further order of the Court.

23.     As set forth in the Settlement, immediately after payment of the Settlement Fund into the Escrow Account, and without further order of the Court, Lead Counsel may direct payment from the Escrow Account up to $250,000 U.S. dollars for the actual, necessary and reasonable costs incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim Forms, and paying Taxes, Tax Expenses, escrow fees and costs, if any.  In the event the Court does not approve the Settlement, or if the Settlement otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any such amounts actually and properly incurred or disbursed for such purposes.

24.     The fact and terms of this Preliminary Approval Order and the Settlement, including Exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

> a.  shall not be offered or received against the Released Parties, the Related Parties, Lead Plaintiff or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or the Related Parties or by Lead Plaintiff or the other Class Members with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or

12

could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

b.  shall not be offered or received against the Released Parties or the Related Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party or Related Party, or against Lead Plaintiff or any of the other Class Members as evidence of any infirmity in the claims of Lead Plaintiff and the other Class Members;

c.  shall not be offered or received against the Released Parties, Related Parties, Lead Plaintiff or the other Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Settlement, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if this Settlement is approved by the Court, the Released Parties and Related Parties may refer to it to effectuate the liability protection granted them hereunder;

d.  shall not be construed against the Released Parties, Related Parties, Defendants' Counsel, Lead Counsel or Lead Plaintiff or the other Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and

      e.  shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

25.    Unless otherwise provided in the Settlement, there shall be no distribution of any of the Net Settlement Fund to any Class Member until a Plan of Allocation is finally approved and is affirmed on appeal or *certiorari* or is no longer subject to review by appeal or *certiorari* and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

26.    Upon the date for publishing the Summary Notice, pending final determination of whether Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or commence any action which asserts the Released Claims.

27.    In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Preliminary Approval Order (except Paragraphs 23-26) shall be null and void, the Settlement shall be deemed terminated, and the parties shall return to their positions without prejudice in any way, as provided for in the Settlement.

28.    The Court preliminarily finds that the Escrow Account is a "qualified settlement fund" pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

IT IS SO ORDERED.

DATED: 7/31/15

THE HONORABLE THOMAS P. GRIESA.
UNITED STATES DISTRICT COURT JUDGE