**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **WILLIAM D. WALLACE, Individually and On Behalf of All Others Similarly Situated,** X : : | |
| **Plaintiff,** : : | |
| **v.** : : | **Civil Action No. 11-CV-8861** |
| **INTRALINKS HOLDINGS, INC., ET AL.,** : : | |
| **Defendants.** : : X | |

### SUPPLEMENTAL DECLARATION OF CAROL V. GILDEN IN SUPPORT OF LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

I, Carol V. Gilden of the law firm of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"), submit this supplemental declaration in support of Lead Counsel's motion for approval of attorneys' fees and reimbursement of Litigation Expenses. I am a partner at Cohen Milstein and have actively supervised and participated in the prosecution of this Action since Lead Plaintiff's appointment in 2012.  As a result, I have personal knowledge of all material matters related to this Action. The statements in this supplemental declaration are made based on my personal knowledge unless otherwise indicated.

1.      On October 15, 2015, Lead Counsel submitted their Fee and Expense Petition (ECF No. 112), which, in part, sought reimbursement of Lead Counsel's reasonably incurred litigation expenses in the amount of $557,709.24.  *See* ECF No. 113, at 1.  That motion was supported by my October 15, 2015 Declaration (ECF No. 114) setting forth, among other things, the expenses incurred by Lead Counsel in connection with this action. Since the filing of Lead Counsel's motion, Lead Counsel has incurred, or reasonably and conservatively expects to incur, $2,056.20 in additional litigation expenses.  These additional expenses have been incurred or are

reasonably and conservatively expected to be incurred in connection with Lead Counsel's attendance at the scheduled November 12, 2015 hearing on Lead Plaintiff's motion for final approval of the proposed settlement and plan of allocation, and Lead Plaintiff's Fee and Expense Petition, and include only hotel accommodation and transportation expenses.

2.      As a result, Lead Counsel seeks, in total, reimbursement of $559,765.44 in litigation expenses reasonably and actually incurred by Lead Counsel in connection with commencing, prosecuting and resolving the claims against the Defendants over the course of the last four years. The Notice apprised potential Class Members that Lead Counsel would be seeking reimbursement of expenses in an amount not to exceed $600,000. The amount of the unreimbursed litigation expenses actually requested is far less – by more than $40,000 – than what was stated in the Notice and, with the deadline for objections now long expired, no objection has been raised to Lead Counsel's request for reimbursement of litigation expenses.

3.      The table below updates the table included in paragraph 59 of my October 15, 2015 Declaration. Lead Counsel has now incurred, or reasonably and conservatively expects to incur a total of $559,765.44 in expenses in connection with the prosecution of this litigation. These expenses were all reasonable and necessary to the prosecution of this Action on behalf of the Class. These expenses are reflected on the books and records maintained by Lead Counsel. These books and records are prepared from expense vouchers, check records and other source materials, and are an accurate record of the expenses incurred, or, in the limited case of the expected costs of attendance at the final approval hearing, based on actual costs to be incurred or good faith conservative estimates of the costs to be incurred.

**Cohen Milstein Sellers & Toll PLLC**
**EXPENSES**

| Expense Type | Cost |
|---|---|
| In-House Duplicating | $293.00 |
| Outside Duplicating | $10,565.99 |
| Duplication Audio/Video Tape | $275.00 |
| Long Distance Tele. (Internal) | $16.03 |
| Long Distance (Third Party) | $1,254.49 |
| Local Courier | $587.97 |
| Air Courier | $4,046.94 |
| Process Server Fee | $1,112.00 |
| Other Court Fees | $889.00 |
| Court Reporter Fees | $32,999.62 |
| Lexis/Westlaw | $9,925.99 |
| Pacer | $282.58 |
| Document Management | $51,995.50 |
| Other Computer Services | $1.27 |
| Travel - Transportation | $41,903.10 |
| Travel - Hotel | $25,047.03 |
| Travel - Taxis, Tips | $6,300.52 |
| Travel - Meals | $6,078.36 |
| Travel - Long Dist. Telephone | $505.21 |
| Travel - Parking Charges | $425.00 |
| Local Transportation | $352.59 |
| Expert Witnesses/Consultants | |
|     Damages and Class Certification | $246,812.15 |
|     Confidential Witness Representation | $8,954.90 |
|     Discovery Consultant | $1,995.00 |
|     Mediation | $9,450.00 |
|     Underwriting Expert | $32,175.00 |
|     Ethics | $9,192.00 |
|     Investigator | $31,031.30 |
|     Accounting Expert | $20,319.00 |
| FOIA Request Reimbursement | $859.00 |
| Secretarial Overtime | $417.00 |
| Administrative Overtime | $562.87 |
| Overtime Transportation | $738.32 |
| Overtime Meals | $655.16 |
| Supplies | $100.35 |
| Business Meals | $1,646.20 |
| **Total Litigation Expenses** | **$559,765.44** |

4.      All of the litigation expenses incurred, which total $559,765.44, were necessary to the successful prosecution and resolution of the claims against the Defendants.  In view of the complex nature of the Litigation, the expenses incurred were reasonable and necessary to pursue the interests of the Class.  Accordingly, we respectfully submit that the litigation expenses incurred by Lead Counsel should be reimbursed in full.

5.      In view of the outstanding recovery for the Settlement Class, the very substantial risks of this litigation, the efforts of Lead Counsel, the quality of work performed, the contingent nature of the fee, the complexity of the case and the standing and experience of Lead Counsel, Lead Counsel respectfully submits that Lead Counsel's litigation expenses, including the additional expenses described herein, be reimbursed in full.

I declare, under penalty of perjury, that the foregoing facts are true and correct.


Dated: November 5, 2015                           */s/ Carol V. Gilden*
                                                  Carol V. Gilden

4